# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

470 PARK AVENUE SOUTH
10TH FLOOR NORTH
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

STEVEN W. GOLD
STEVEN G. MINTZ
ALAN KATZ
JEFFREY D. POLLACK
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. McCORMICK
JOSHUA H. EPSTEIN
LISABETH HARRISON
MARK S. POMBRANTZ
ALEXANDER H. GARDNER
NOREEN E. COSGROVE
LILLY GERONTIS
PAUL OSTENSEN
RYAN W. LAWLER
NICOLE COVIELLO
HEATH LORING
DANIEL K. WIIG

OF COUNSEL
HONORABLE VITO J. TITONE (dec.)
(NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ
NEAL M. GOLDMAN
DAVID BREITBART
ERIC M. KITNER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/09

March 3, 2009

BY FAX (212-805-7942)
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

Re: *Fox News Network, LLC v. Board of Governors of the Federal Reserve System*
No. 09-cv-00272 (AKH)

[Handwritten note from the Court:] The request for a conference is denied. The procedure described in my Individual Rules of procedure is appropriate. Rule 2.E. Federal Rules of Civil Procedure also appropriate. I do not entertain letters from one attorney complaining about another attorney or party. 3-4-09 /s/ AKH 3/4/09

Dear Judge Hellerstein:

  This firm represents plaintiff Fox News Network, LLC, owner of the Fox Business Network (collectively, "Fox Business") in the above entitled action, which was brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). We are writing to request an immediate conference to discuss the refusal by the Board of Governors of the Federal Reserve System (the "Board") to search the records of the twelve Federal Reserve Banks ("FRBs") -- even though the Board's counsel acknowledged during our February 25, 2009 court-ordered meeting that the FRBs have records that are responsive to Fox Business's expedited FOIA requests.[1] For the reasons that follow, we believe that the Board's position is untenable and that this matter should be resolved by the Court in advance of the summary judgment phase of the case.[2]

---

[1] To date the Board has not produced a single document in response to Fox Business's FOIA requests. The *Vaughn* Indexes and answer that the Board filed on February 19, 2009, coupled with the Board's statements during the February 25, 2009 meeting, make clear that the Board will not be producing a single document to Fox Business absent a court order.

[2] Pursuant to the Court's January 26, 2009 order, the parties are required simultaneously to submit summary judgment motions on March 27, 2009, with the briefing to be completed by

# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

Honorable Alvin K. Hellerstein
March 3, 2009
Page 2

The controlling regulations make it clear that documents held by the FRBs are records of the Board that must be searched and produced in response to Fox Business's expedited FOIA requests. Specifically, 12 C.F.R. § 261.2(i)(1)(i) states that:

> Records of the Board include . . . all information coming into the possession and under the control of the Board, any Board member, *any Federal Reserve Bank*, or any officer, employee or agent of the Board *or of any Federal Reserve Bank*, in the performance of functions for or on behalf of the Board that constitutes part of the Board's official files. (Emphasis added).

Further, 12 C.F.R. § 261.2(i)(1)(ii) states that Board "Records" include records:

> [t]hat are maintained for administrative reasons in the regular course of business in official files in any division or office of the Board *or any Federal Reserve Bank* in connection with the transaction of any official business. (Emphasis added).

Also relevant is 12 C.F.R. § 261.3(a), which provides that the "Secretary of the Board is the official custodian of all Board records, *including records that are in the possession or control of . . . any Federal Reserve Bank*." These regulations are clear and establish beyond dispute that the records of the FRBs are records of the Board.

Despite the unequivocal language of its own regulations, at the face-to-face meeting the Board argued for the first time that the records maintained by the FRBs are not "Records of the Board" because they were not gathered "in the performance of functions for or on behalf of the Board" as discussed in 12 C.F.R. § 261.2(i)(1)(i). In a strained effort to support this position, the Board has cited 12 C.F.R. Part 265, which delineates the specific functions that are delegated to the FRBs. With all due respect, counsel's argument is, at best, a long stretch.

As a threshold matter, the Board's Rules regarding what constitutes Board "records" for purposes of FOIA do not make any mention of the delegation provisions of 12 C.F.R. Part 265. On the contrary, Part 265 states, *inter alia*, that FOIA requests are under the purview of the

---

April 30, 2009. In the event that this matter cannot be resolved at the proposed conference, Fox Business would respectfully request that the Court revise the January 26, 2009 order to include expedited briefing to enable Fox Business to make a motion to compel the Board to search the FRBs' records in advance of the summary judgment motions.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Alvin K. Hellerstein
March 3, 2009
Page 3

Secretary of the Board pursuant to Part 261[3], which includes the definition of *"Records of the Board."*[4] Indeed, 12 C.F.R. § 261.2(i)(1)(i) contains an unqualified reference to records "coming into the possession and under the control of" any of the FRBs "in the performance of functions for or on behalf of the Board"—a broad formulation that does not require that the "function" in question be among those that were formally delegated pursuant to 12 C.F.R. Part 265. Manifestly, it cannot seriously be argued that a FRB's administration and implementation of the Federal Reserve lending programs are not functions performed "for or on behalf of the Board." Illuminating this point, the Board's own website states that the "tools" of the Federal Reserve System include "the provision of liquidity directly to borrowers and investors in key credit markets [through t]he Commercial Paper Funding Facility, the Asset-Backed Commercial Paper Money Market Mutual Fund Liquidity Facility, and the Money Market Investor Funding Facility . . . [, as well as the soon-to-be-implemented] Term Asset-Backed Securities Loan Facility."[5]

Moreover, 12 C.F.R. § 261.2(i)(1)(ii) *does not* include any similar reference to "functions" performed "for or on behalf of" the Board, and by its own terms, encompasses any and all records maintained "for administrative reasons" by any FRB "in connection with the transaction of any official business." There can be no doubt that loans made by FRBs – and the collateral associated with those loans – constitute transactions of the FRBs' "official business" and that, accordingly, the records of those transactions are *"Records of the Board"* as defined in 12 C.F.R. § 261.2(i)(1)(ii). Similarly, the restriction that the Board's counsel has attempted to import into 12 C.F.R. § 261.2(i)(1)(i) would not apply to 12 C.F.R. § 261.3(a), which makes the Board's Secretary the "official custodian of all Board records, *including records that are in the possession or control of . . . any Federal Reserve Bank.*" (Emphasis added.)

Finally, the Board cannot successfully hide behind any claim that the FRBs hold the records of borrowers' collateral in their capacity as *private* banking institutions. The rules for taking collateral pledges under the various federal lending programs are set by the Board, specifically in recognition that "[t]he Federal Reserve's lending programs potentially expose the Federal Reserve to credit risk."[6] Moreover, the Board maintains and publishes detailed information concerning the aggregate collateral pledged in connection with its lending programs.[7] Thus, the lending activities of the FRBs cannot fairly be characterized as private enterprises. Indeed, the historic and legislatively mandated role of the FRBs in the national

---

[3] 12 C.F.R. § 265.5(b)
[4] 12 C.F.R. § 261.2(i)(1)(i)
[5] http://www.federalreserve.gov/monetarypolicy/bst_crisisresponse.htm.
[6] http://www.federalreserve.gov/monetarypolicy/bst_riskmanagement.htm.
[7] http://www.federalreserve.gov/monetarypolicy/bst_ratesetting.htm#2.

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Honorable Alvin K. Hellerstein
March 3, 2009
Page 4

monetary system has led at least one court to hold that FRBs are governmental "agencies" for purposes of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551(1). *Lee Construction Co. v. Federal Reserve Bank of Richmond*, 558 F. Supp. 165 (D. Md. 1982).[8]

It is clear that that the Board cannot lawfully avoid searching for records on the ground that such records are held by the FRBs rather than the Board itself. Further, the Board's intransigence on this issue is causing an unreasonable and unnecessary delay in what should have been an "expedited" disclosure process. Indeed, unless the Court intervenes, Fox Business will be forced to wait for the summary judgment process to run its course before the Board even begins to search for and produce the records of collateral held by the FRBS. There will then be further delays as the Board's likely claim of exemption for these records is litigated. Ultimately, the delay could stretch into the summer months thereby effectively rendering meaningless the expedited treatment that Fox Business's November 28, 2008 FOIA request should have been afforded. *See The Washington Post v. Department of Homeland Security*, 459 F. Supp. 2d 61, 66 (D.D.C. 2006) (recognizing that requiring a requester to "litigate his case via an ordinary timetable for federal litigation" may make it all but impossible for the requester to "still attain 'expedited review'"). Accordingly, we respectfully request that the Court order an immediate conference[9] to attempt to resolve this matter, and, if necessary, issue a revised briefing schedule.

Respectfully submitted,

Steven G. Mintz

cc: Yvonne F. Mizusawa, Esq. (by fax)
Dianne Brandi, Esq. (by fax)
Carlotta Cassidy, Esq. (by fax)

---

[8] Although the *Lee Construction* court was analyzing the role of FRBs as "agencies" under the APA, the court noted that the definition of "agency" in FOIA, 5 U.S.C. § 552(e), is even broader. *Lee Construction*, 558 F. Supp. at 173, n. 11. Thus, an entity such as an FRB that qualifies as an agency for purposes of the APA qualifies *a fortiori* as an agency for purposes of FOIA.

[9] For scheduling purposes, I wish to advise the Court that I am out of town from Wednesday afternoon March 11, through Friday, March 13.