UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
FOX NEWS NETWORK LLC,                   :
                                        :
                    Plaintiff,          :   Case No. 09 CV 00272 (JKH)
                                        :
        -against-                       :
                                        :
BOARD OF GOVERNORS OF THE               :
FEDERAL RESERVE SYSTEM,                 :
                                        :
                    Defendant.          :
------------------------------------------------------x

## DECLARATION OF ANNE F. BAUM

**Anne F. Baum**, being duly sworn, says:

1. I am a Senior Vice President in the Markets Group at the Federal Reserve Bank of New York (the "New York Fed" or the "Bank"). I submit this declaration in support of the motion for summary judgment submitted by the Board of Governors of the Federal Reserve System (the "Board of Governors") in the above-referenced matter. I have personal knowledge of the matters set forth herein.

2. I have worked in the Markets Group at the New York Fed since 1997. I am currently a Senior Vice President in Group Shared Services and am responsible for overseeing support services that are shared across the Markets Group, including financial reporting, budget, facilities, data management and certain lending facilities, including the Commercial Paper Funding Facility (the "CPFF"). Prior to working in Group Shared Services, I oversaw Treasury Auctions in the Markets Group.

3. I received a Bachelor of Arts from George Washington University in 1982 and a Masters in Public Administration from New York University in 1990.

4. I have been informed that the Board of Governors received two requests pursuant to the Freedom of Information Act ("FOIA") seeking documents relating to, among other things, the CPFF. As one of the officers at the New York Fed responsible for the oversight of the CPFF, I am familiar with how it operates, how it is managed and what records are kept at the New York Fed. The Board of Governors has asked me to make this declaration to provide an overview of the CPFF and the effect that public disclosure of the confidential information called for by the FOIA requests would have on the markets and the Bank's ability to fulfill its statutory functions and policy mandate and mission.

**The CPFF**

5. On October 7, 2008, the Board of Governors announced the creation of the CPFF to enhance the liquidity of the commercial paper market by increasing the availability of term commercial paper funding to issuers and providing greater assurance to both issuers and investors that firms would be able to roll over their maturing commercial paper. It was part of the Board of Governors' overall goal to improve conditions in credit markets. The CPFF was created as a temporary emergency measure and is currently set to expire on October 30, 2009.

6. Prior to the creation of the facility, the commercial paper market had been under considerable strain as money market mutual funds and other investors, themselves often facing liquidity pressures, had become increasingly reluctant to purchase commercial paper, especially at longer-dated maturities. As a result, the volume of outstanding commercial paper had shrunk, interest rates on longer-term commercial paper had increased significantly, and an increasingly high percentage of outstanding paper had to be refinanced each day. Financial intermediaries that had issued or sponsored a large share of outstanding commercial paper were having

difficulties placing commercial paper, which made it even more difficult for those intermediaries to play their vital role in meeting the credit needs of businesses and households.

7. By eliminating much of the risk that eligible issuers would not be able to repay investors by rolling over their maturing commercial paper obligations, this facility has encouraged investors to once again engage in term lending in the commercial paper market. It is hoped that added investor demand will enhance the ability of financial intermediaries to accommodate the credit needs of businesses and households.

8. The CPFF became operational on October 27, 2008. The CPFF provides a liquidity backstop for eligible commercial paper issuers through a special purpose vehicle ("SPV") that purchases highly rated three-month U.S. dollar-denominated unsecured and asset-backed commercial paper ("ABCP") from eligible issuers through the Bank's primary dealers. Eligible issuers are U.S. issuers of commercial paper, including U.S. issuers with a foreign parent company. Terms and conditions, and additional information concerning the CPFF are published on the Bank's website at: http://www.newyorkfed.org/markets/cpff.html.

9. The New York Fed lends to the SPV, financing its purchases of eligible commercial paper on a recourse basis at the target federal funds rate or the maximum of the target range, unless otherwise directed by the Board of Governors. The loan to the SPV is secured by all the assets of the SPV, which include purchased commercial paper, facility fees paid by issuers, and, in the case of commercial paper that is not ABCP, up-front unsecured credit surcharges paid by the issuers of such paper or by other forms of security acceptable to the Bank. The SPV holds the commercial paper until maturity and uses the proceeds from maturing commercial paper and other assets of the SPV to repay its loan from the Bank.

10. The CPFF daily lending rates are posted on the New York Fed website each day at 8:00 a.m. ET at: http://www.newyorkfed.org/markets/cpff/cpff.cfm. In addition, the rates are published on the BLOOMBERG PROFESSIONAL® service on the CPFF page.

11. The Bank does not publicly disclose the individual issuers or the amounts provided to individual issuers by the CPFF. Balance sheet items related to the SPV and CPFF are reported on the H.4.1 weekly statistical release titled "Factors Affecting Reserve Balances of Depository Institutions and Condition Statement of Federal Reserve Banks."

12. Although the Board of Governors authorized and has oversight responsibility for the CPFF, the Board of Governors does not have a role in the daily operations of the CPFF. All CPFF operations are conducted by and at the New York Fed.

13. The Bank has selected PIMCO to serve as the CPFF's transaction agent and asset manager and State Street Bank and Trust Company to serve as the CPFF's custodian and administrator. The asset manager and custodian and administrator are responsible for, among other things: (1) ensuring that the commercial paper is eligible as prescribed by the Bank; (2) conducting transactions with commercial paper issuers; (3) making permissible investments in accordance with investment guidelines; and (4) reconciling and maintaining relevant accounts. They provide the Bank with data and reports relating to daily CPFF operations, including: issuer names, commercial paper purchases in the facility to date, fees collected, and agency rating and domicile information for issuers. Information and documents relating to the CPFF are maintained by the New York Fed. These transactional records are highly confidential and are not made available to anyone outside of the New York Fed and, even within the Bank, access to the records is on a need-to-know and limited basis. To the best of my knowledge, the Bank does,

however, provide select members and staff of the Board of Governors with limited information regarding the CPFF.

**Disclosure of Information**

14. I have been informed that the Board of Governors has received two requests pursuant to the Freedom of Information Act seeking various documents relating to, among other things, the names of institutions that have received funds through the CPFF, the amounts borrowed by each named institution, and the collateral pledged by each institution for the time period of August 8, 2007 through November 17, 2008, as well as the collateral held by the New York Fed at the close of business on November 14, 2008.

15. The detailed information being requested is highly sensitive and confidential commercial information. The agreements with the asset manager and custodial agent contain confidentiality provisions that cover the information being sought in this FOIA request. There is also an implicit understanding amongst the parties, including the issuers that sell commercial paper to the SPV, that the New York Fed will similarly keep confidential such information relating to the CPFF. This understanding of confidentiality is very important to the institutions that issue commercial paper or their parent companies, which face competition in the market for placing commercial paper. Public disclosure that an institution had utilized the CPFF could result in a negative perception that would cause a competitive disadvantage and harm the entity's ability to obtain funding in broader markets, possibility risking its longer term viability.

16. Additionally, if the names of issuers that have sold commercial paper to the CPFF were to be made public, there is a real concern that market participants would draw adverse conclusions about the credit worthiness and viability of the issuers based on conjecture and speculation. These rumors would likely cause substantial competitive harm to those issuers who

face competition in the market for retail goods and services from other U.S. and foreign issuers of commercial paper. The mere fact that an issuer came to the CPFF to sell its commercial paper could lead market participants to inaccurately speculate that the issuer was having difficulty securing funding in the regular commercial paper market and that the issuer itself must therefore be in financial trouble. That, in turn, would cause issuers to avoid coming to the CPFF, even when needed, further weakening the commercial paper market, and rendering the Bank's lending facility ineffective. Additionally, concentrations of issuers in certain sectors may cause public concern regarding the viability of the entire sector, negatively impacting all entities, even those not participating in the CPFF, similarly jeopardizing the effectiveness of this facility.

17.  The purpose of the CPFF is to enhance the liquidity of the commercial paper market by increasing the availability of term commercial paper funding to issuers and providing greater assurance to both issuers and investors that firms will be able to roll over their maturing commercial paper. If issuers of commercial paper became unwilling to participate in the CPFF for fear of public disclosure, then the CPFF's goal of encouraging investors to engage in term lending in the commercial paper market would be undermined, potentially raising funding costs for businesses and households. Specifically, the volume of commercial paper could shrink, and longer term rates increase, resulting in less credit to the market.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on this 27th day of March 2009.

_____
Anne F. Baum