UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| FOX NEWS NETWORK, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civ. No. 09 CV 00272 (AKH) |
| BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Rule 56.1 of the Local Civil Rules for the United States District Court for the Southern District of New York, and the Endorsed Letter signed by the Court on April 29, 2009, Defendant, the Board of Governors of the Federal Reserve System ("Board"), submits the following response to the Statement of Material Facts Not in Dispute by plaintiff, Fox News Network, LLC, filed March 27, 2009.

Fox Statement No. 1

> Fox News, owner of Fox Business, is a Delaware limited liability company with its principal place of business located at 1211 Avenue of the Americas, New York, New York.  *See* Fox Business's Complaint ("Compl.") at ¶¶ 9 and 25, annexed as Exhibit 9 to the Declaration of Steven G. Mintz dated March 27, 2009 ("Mintz Decl.").

Board Response to Fox Statement No. 1

*The Board does not dispute this statement.*

Fox Statement No. 2

Fox Business is a 24/7 cable news network and a member of the news media. Fox Business is primarily engaged in the dissemination of business news and information to the public. *See* Compl. at ¶ 9; *see also* the Answer of defendant Board of Governors of the Federal Reserve System (the "Board") at ¶ 25, annexed as Exhibit 10 to the Mintz Declaration (hereafter the "Answer").

Board Response to Fox Statement No. 2

*The Board does not dispute this statement.*

Fox Statement No. 3

The Board is an agency of the United States government. *See* Answer at ¶ 1.

Board Response to Fox Statement No. 3

*The Board does not dispute this statement.*

Fox Statement No. 4

The Board's responsibilities include leading the nation's monetary policy and supervising the Federal Reserve System's network of Federal Reserve Banks ("FRBs"). http://federalreserve.gov/aboutthefed/mission.htm.

Board Response to Fox Statement No. 4

*The Board does not dispute this statement.*

Fox Statement No. 5

There are twelve regional FRBs, which operate under the supervision of the Board and are part of the Federal Reserve System for implementing federal monetary policy. http://www.federalreserve.gov/pubs/frseries/frseri3.htm.

Board Response to Fox Statement No. 5

*The Board does not dispute this statement, but asserts that, in addition to this function, the Federal Reserve Banks have other functions, some of which are addressed in the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, filed March 27, 2009 ("Board's SJ Brief") at 31-33, 42-43, and 45-52.*

Fox Statement No. 6

The Board and the Federal Open Market Committee (the "Committee") have the following responsibilities: (1) conducting the nation's monetary policy by influencing money and credit

conditions in the economy in pursuit of full employment and stable prices; (2) supervising and regulating banking institutions to ensure the safety and soundness of the nation's banking and financial system and to protect the credit rights of consumers; (3) maintaining the stability of the financial system and containing systemic risk that may arise in financial markets; (4) providing certain financial services to the U.S. government, to the public, to financial institutions, and to foreign official institutions, including playing a major role in operating the nation's payment systems.  *See* Compl. at ¶ 10 and Answer at ¶ 10.

Board Response to Fox Statement No. 6

*The Board does not dispute this statement, but asserts that, in addition to these responsibilities, the Board and FOMC have other responsibilities, some of which are addressed in the Board's SJ Brief at 29-33, 45-46 and 47-51.*

Fox Statement No. 7

Among the methods traditionally used by the Federal Reserve System to regulate the banking and financial system is lending money to private financial institutions, primarily through the "Discount Windows" operated by the twelve regional FRBs.  *See* the January 6, 2009 letter from the Board (the "Jan. 6 Letter") annexed to the Mintz Decl. at Exhibit 8, p. 2; *see also* the January 16, 2009 letter from the Board (the "Jan. 16 Letter") annexed to the Mintz Decl. at Exhibit 3, p. 2.

Board Response to Fox Statement No. 7

*The Board does not dispute this statement, but asserts that, in addition to the DW, the Board uses other methods to regulate the banking and financial system, including authorizing lending under section 13(3) of the FRA, Madigan Decl., ¶¶ 8,10-13, and other methods.*

Fox Statement No. 8

Under the "Discount Window" system, the Federal Reserve System lends money on a short-term basis to eligible depository institutions, *i.e.*, commercial banks, savings and loan associations, savings banks and credit unions.  *See* Mintz Decl. at Exhibit 8 (Jan. 6 Letter, p. 2) and Exhibit 3 (Jan. 16 Letter, p. 2).  All loans obtained through the discount windows are secured by collateral.  www.frbdiscountwindow.org/cfaq.cfm?hdrID=14&dtlID=89.  *See also* Answer at ¶ 12; Mintz Decl. at Exhibit 8 (Jan. 6 Letter, p. 3) and Exhibit 3 (Jan. 16 Letter, p. 3).

Board Response to Fox Statement No. 8

*The Board does not dispute this statement.*

Fox Statement No. 9

On or around August 17, 2007 the Board approved temporary changes to the primary credit program of the discount window, allowing the provision of term credit for up to 30 days.  *See* Answer at ¶ 12.

Board Response to Fox Statement No. 9

*The Board does not dispute this statement.*

Fox Statement No. 10

On or around March 17, 2008 the Board authorized a change in the primary credit program of the discount window to allow primary credit loans for terms of up to 90 days, which change was thereafter implemented by the Federal Reserve Banks. *See* Answer at ¶ 12.

Board Response to Fox Statement No. 10

*The Board does not dispute this statement.*

Fox Statement No. 11

Commencing in 2007 and continuing in 2008, the Board authorized the Federal Reserve Banks to extend credit via a number of new lending facilities including the Primary Dealer Credit Facility, the Term Security Lending Facility and the Term Auction Facility. *See* Answer at ¶ 12.

Board Response to Fox Statement No. 11

*The Board does not dispute this statement.*

Fox Statement No. 12

These initiatives have lengthened the duration of access to liquidity, broadened the types of eligible collateral, expanded the range of eligible counterparties and reduced the costs of borrowing from the Federal Reserve Banks. *See* Compl. at ¶ 13 and Answer at ¶ 13.

Board Response to Fox Statement No. 12

*The Board does not dispute this statement.*

Fox Statement No. 13

This expansion was undertaken to relieve liquidity problems in the banking industry and improve the financial system's stability. *See* Mintz Decl. at Exhibit 8 (Jan. 6 Letter, p. 3) and Exhibit 3 (Jan. 16 Letter, p. 3); *see also* Compl. at ¶ 12; Answer at ¶ 12.

Board Response to Fox Statement No. 13

*The Board does not dispute this statement, and asserts that there were additional reasons for the expansion, including increasing the availability of credit and promoting economic growth. Madigan Decl., ¶ 7.*

Fox Statement No. 14

>The addition of these facilities enabled the Federal Reserve Banks to lend to "primary dealers," *i.e.*, banks and securities broker-dealers.  *See* Mintz Decl. at Exhibit 8 (Jan. 6 Letter, p.3) and Exhibit 3 (Jan. 16 Letter, p. 3); *see also* Compl. at ¶ 12; Answer at ¶ 12.

>Board Response to Fox Statement No. 14

>*The Board does not dispute this statement.*

Fox Statement No. 15

>The Board's lending programs increased from approximately $1 million in primary credit Discount Window lending during the week ended August 8, 2007 to an aggregate of $188 billion as of December 31, 2008.  *See* Compl. at ¶ 14 and Answer at ¶ 14.

>Board Response to Fox Statement No. 15

>*The Board does not dispute this statement, except that it asserts that the programs in question are Federal Reserve Bank lending programs, and incorporates by reference ¶ 14 of its Answer.*

Fox Statement No. 16

>Information concerning the borrowers' identities, the amounts borrowed, and the nature and quality of the collateral that secures the loans is not publicly available.  *See* Mintz Decl. at Exhibit 8 (Jan. 6 Letter, pp. 4 and 5) and Exhibit 3 (Jan. 16 Letter, pp. 4 and 5).

>Board Response to Fox Statement No. 16

>*The Board does not dispute this statement.*

>A.  ***The First FOIA Request***

Fox Statement No. 17

>On November 10, 2008, Fox Business submitted and the Board received a Freedom of Information Act ("FOIA") request via the Board's website at www.federalreserve.gov/generalinfo/foia/EFOIAForm.cfm. (the "First FOIA Request").  *See* Mintz Decl. at ¶ 2; *see also* Compl. at ¶¶ 17 and 19, and Answer at ¶¶ 17 and 19.

>Board Response to Fox Statement No. 17

>*The Board does not dispute this statement, and asserts that a true and correct copy of the First FOIA Request as received by the Board is attached as Exh. A to the Thro Decl.*

5

Fox Statement No. 18

    The First FOIA Request sought "the names of institutions receiving Federal Reserve lending from programs including but not limited to the following: Regular OMOs; Single-Tranche OMO Program; Discount Window; Term Discount Window Program; Term Auction Facility; Primary Dealer Credit Facility; Transitional Credit Extensions; ABCP Money Market Liquidity Facility; Securities Lending; Term Securities Lending Facility; Term Securities Lending Facility Options Program; and any other Federal Reserve Lending Facility not mentioned above." *See* Mintz Decl. at ¶ 2; *See also* Compl. at ¶ 18 and Answer at ¶ 18.

    Board Response to Fox Statement No. 18

    *The Board does not dispute this statement.*

Fox Statement No. 19

    The First FOIA Request also requested "an accounting of the collateral provided by these institutions in exchange for the lending." *See id.*

    Board Response to Fox Statement No. 19

    *The Board does not dispute this statement.*

Fox Statement No. 20

    By letter dated November 10, 2008, the Board acknowledged receiving the First FOIA Request (the "Nov. 10 Letter"). A copy of the Nov. 10 Letter is annexed to the Mintz Decl. at Exhibit 1; *See also* Compl. at ¶ 19, and Answer at ¶ 19.

    Board Response to Fox Statement No. 20

    *The Board does not dispute this statement.*

Fox Statement No. 21

    On November 18, 2008 Fox Business sent the Board a letter to clarify and narrow the First FOIA Request (the "Nov. 18 Letter"). The Nov. 18 Letter stated that Fox Business was seeking "the names of institutions receiving Federal Reserve lending pursuant to any Federal Reserve lending facility" and "an accounting of the collateral provided by these institutions," with the request limited to "all Federal Reserve lending that occurred between August 8, 2007 and November 17, 2008." Further, the Nov. 18 Letter stated that the requester "will pay all fees incurred in the processing of [the] request." A copy of the Nov. 18 Letter is annexed to the Mintz Decl. at Exhibit 2; *see also* Compl. at ¶ 20 and Answer at ¶ 20.

    Board Response to Fox Statement No. 21

    *The Board does not dispute this statement.*

Fox Statement No. 22

    The Board failed to respond to the First FOIA Request within 20 days.  *See* Answer at ¶¶ 3 and 21.  Instead the Board responded to the First FOIA Request by sending the Jan. 16 Letter.  *See* Mintz Decl. at Exhibit 3.

Board Response to Fox Statement No. 22

*The Board does not dispute that it responded in full to the First FOIA Request by letter dated January 16, 2009, Mintz Decl., Exh. 3 and Thro Decl., Exh. H, and asserts that the time period of its response is not material.*

Fox Statement No. 23

    Ultimately, in the Jan. 16. Letter, the Federal Reserve acknowledged that responsive records existed, but asserted that such records "contain[ed] or consist[ed] of the following kinds of exempt information: trade secrets and commercial or financial information obtained from a person and privileged or confidential; and inter-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  *See* Mintz Decl. at Exhibit 3 (Jan. 16 Letter, p. 4).

Board Response to Fox Statement No. 23

*The Board asserts that the January 16, 2009 letter speaks for itself and is misquoted above (the letter reads "inter-agency **or intra-agency** memorandums or letters"), and does not dispute the contents of that letter as set forth in Mintz Decl., Exh. 3 and Thro Decl., Exh. H.*

Fox Statement No. 24

    The Board also asserted in the Jan. 16 Letter that "no reasonably segregable nonexempt information was found."  *Id.*

Board Response to Fox Statement No. 24

*The Board does not dispute this statement.*

Fox Statement No. 25

    With respect Fox Business's request for an accounting of the collateral, the Board asserted it did not locate any information within its control.  *Id.* at p. 5.

Board Response to Fox Statement No. 25

*The Board does not dispute this statement.*

7

Fox Statement No. 26

    In addition to invoking two of the enumerated FOIA exemptions, namely, Exemption 4 (5 U.S.C. § 552(b)(4)) and Exemption 5 (5 U.S.C. § 552(b)(5)), the Jan. 16 Letter contained a discussion of the agency's policy reasons for refusing to provide information about individual lending transactions. *Id. at* pp. 4 and 5.

Board Response to Fox Statement No. 26

    *The Board asserts that the January 16, 2009 letter speaks for itself, disputes plaintiff's characterization that the Board "refus[ed]" to provide information about individual lending transactions, but rather asserts that defendant informed plaintiff that responsive information within its possession and control was exempt under FOIA and contained no reasonably segregable non-exempt information, and does not dispute the contents of that letter as set forth in Mintz Decl., Exh.3 and Thro Decl., Exh. H.*

    ***B. The Second FOIA Request***

Fox Statement No. 27

    On November 18, 2008 Fox Business sent a second FOIA request, along with a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) (the "Second FOIA Request") via UPS for overnight delivery to the Board. A copy of the Second FOIA Request is annexed to the Mintz Decl. at Exhibit 4; *see also* Complaint at ¶ 22 and Answer at ¶¶ 2 and 22.

Board Response to Fox Statement No. 27

    *The Board does not dispute this statement, and asserts that a true and correct copy of the Second FOIA Request, as stamped received by the Board on November 20, 2008, is attached as Exh. C to the Thro Decl.*

Fox Statement No. 28

    The Second FOIA Request asked for documents "[f]or the months of September 2008 and October 2008" identifying "all institutions that have participated in any Fed[eral Reserve] lending program, including, but not limited to, Regular OMO, Single-Tranche OMO, Discount Window, Term Discount Window Program, Term Auction Facility, Primary Dealer Credit Facility, Transitional Credit Extensions, ABCP Money Market Fund Liquidity Facility, Securities Lending, Term Securities Lending Facility, and the Term Securities Lending Facility Options Program" ("Item No. 1"). *See* Mintz Decl. at Exhibit 4 (Second FOIA Request, p. 1); *see also* Compl. at ¶ 23 and Answer at ¶ 23.

Board Response to Fox Statement No. 28

    *The Board does not dispute this statement.*

8

Fox Statement No. 29

The Second FOIA Request also asked for records showing (a) the amounts borrowed by each named institution and (b) the collateral pledged by each institution ("Item No. 2"). Finally, Fox Business requested records relating to the collateral held by the [Board] at the close of business on November 14, 2008 ("Item No. 3"). *See* Mintz Decl. at Exhibit 4 (Second FOIA Request, pp. 1 and 2); *see also* Compl. at ¶ 24 and Answer at ¶ 24.

Board Response to Fox Statement No. 29

*The Board does not dispute this statement.*

Fox Statement No. 30

Further, Fox Business "agree[d] to pay reasonable fees for the requested records" and indicated that a response was expected "within ten (10) calendar days." *See* Mintz Decl. at Exhibit 4 (Second FOIA Request, p. 2); *see also* Compl. at ¶ 26 and Answer at ¶ 26.

Board Response to Fox Statement No. 30

*The Board does not dispute this statement.*

Fox Statement No. 31

Finally, with respect to its request for expedited processing, Fox Business noted that it is a member of the news media and that its "requests concern matters of current exigency to the American public." *See* Mintz Decl. at Exhibit 4 (Second FOIA Request, p. 2).

Board Response to Fox Statement No. 31

*The Board does not dispute this statement.*

Fox Statement No. 32

By letter dated November 20, 2008 (the "Nov. 20 Letter"), the Board acknowledged receipt of the Second FOIA Request on November 20, 2008. A copy of the Nov. 20 Letter is annexed to the Mintz Decl. at Exhibit 5. *See also* Compl. at ¶ 27 and Answer at ¶ 27.

Board Response to Fox Statement No. 32

*The Board does not dispute this statement.*

Fox Statement No. 33

The Board failed to respond to the Second FOIA Request within 10 days. Instead, the Board responded to the Second FOIA Request by sending the Jan. 6 Letter. *See* Mintz Decl. at Exhibit

9

8 (Jan. 6 Letter); *See also* Compl. at ¶ 31 and Answer at ¶¶ 3 and 31.

Board Response to Fox Statement No. 33

*The Board disputes plaintiff's characterization that Board "failed to respond to the Second FOIA Request within 10 days," and asserts that by letter dated December 1, 2008, the Board granted plaintiff's request for expedited treatment of the Second FOIA Request and informed plaintiff that the Second FOIA Request "will be processed by the Board as soon as practicable." Thro Decl., Exh. E at 2. The Board does not dispute that it responded to the Second FOIA Request by letter dated January 6, 2009, and asserts that a true and correct copy of the January 6, 2009 letter, bearing a typed date and written signature, is attached as Exh. G to the Thro Decl. The Board avers that the version of the January 6, 2009 letter attached as Exh. 8 to the Mintz Decl., bearing a handwritten date and stamped signature, appears to be a copy of that letter provided to plaintiff's counsel.*

Fox Statement No. 34

By letter dated December 1, 2008 (the "Dec. 1 Letter"), the Federal Reserve granted the Second FOIA Request expedited treatment and stated that the request would be processed as soon as practicable. A copy of the Dec. 1 Letter is annexed to the Mintz Decl. at Exhibit 6; *see also* Compl. at ¶ 29 and Answer at ¶ 29.

Board Response to Fox Statement No. 34

*The Board does not dispute this statement.*

Fox Statement No. 35

On December 18, 2008 the Board sent Fox Business a letter (the Dec. 18 Letter") in which it "extend[ed] the period of [its] response until January 6, 2008, in order to consult another agency or with two or more components of the Board having a substantial interest in the determination of the request." A copy of the Dec. 18 Letter is annexed to the Mintz Decl. at Exhibit 7. *See also* Compl. at ¶ 30 and Answer at ¶ 30.

Board Response to Fox Statement No. 35

*The Board does not dispute this statement, but avers that the statement above slightly misquotes the December 18, 2008 letter (omits the word "with"), and asserts that the letter speaks for itself. See Exh. F to Thro Decl., and Exh. 7 to Mintz Decl.*

Fox Statement No. 36

Ultimately, in the Jan. 6. Letter, the Federal Reserve acknowledged that its staff searched for and found documents responsive to item Nos. 1 and 2 of the Second FOIA Request, but asserted that such records "contain[ed] or consist[ed] of the following kinds of exempt information: trade secrets and commercial or financial information obtained from a person and privileged or confidential; and inter-agency memorandums or letters which would not be available by law to a

10

party other than an agency in litigation with the agency." *See* Mintz Decl. at Exhibit 8 (Jan. 6 Letter, p. 4); *see also* Compl. at ¶ 31 and Answer at ¶ 31.

Board Response to Fox Statement No. 36

*The Board asserts that the January 6, 2009 letter speaks for itself and is misquoted above (the letter reads "inter-agency **or intra-agency** memorandums or letters ...."), and asserts that a true and correct copy of the January 6, 2009 letter is attached as Exh. G to the Thro Decl.*

Fox Statement No. 37

The Board also asserted in the Jan. 6 Letter that "no reasonably segregable nonexempt information was found." *Id.; see also* Compl. at ¶ 31 and Answer at ¶ 31.

Board Response to Fox Statement No. 37

*The Board does not dispute this statement.*

Fox Statement No. 38

Finally, with respect to Item No. 3, (Fox Business's request for records of collateral held by the Board at the close of business on November 14, 2008), the Board asserted it did not locate any information within its control. *Id.* at p. 5; *see also* Compl. at ¶ 31 and Answer at ¶ 31.

Board Response to Fox Statement No. 38

*The Board does not dispute this statement.*

Fox Statement No. 39

In addition to invoking Exemptions 4 and 5 [5 U.S.C. § 552(b)(4), (5)], the Jan. 6 Letter contained a discussion of the agency's policy reasons for refusing to provide information about individual lending transactions. *See* Mintz Decl. at Exhibit 8 (Jan. 6 Letter, pp. 4 and 5).

Board Response to Fox Statement No. 39

*The Board asserts that the January 6, 2009 letter speaks for itself, disputes plaintiff's characterization that the Board "refus[ed]" to provide information about individual lending transactions, but rather asserts that defendant informed plaintiff that responsive information within its possession and control was exempt under FOIA and contained no reasonably segregable non-exempt information, and does not dispute the contents of that letter as set forth in Thro Decl., Exh. G.*

### C. Fox Business Initiates a FOIA Action

Fox Statement No. 40

On January 12, 2009, Fox Business filed its complaint in this action, alleging that the Board had failed to comply with its disclosure obligations under FOIA. *See* Compl. at ¶ 4.

Board Response to Fox Statement No. 40

*The Board does not dispute this statement.*

Fox Statement No. 41

The complaint demands declaratory relief, as well as an injunction requiring the Board to immediately produce the records sought in the First and Second FOIA Requests. *See* Compl., pp. 13 and 14.

Board Response to Fox Statement No. 41

*The Board asserts that the Complaint is a legal document that speaks for itself.*

Fox Statement No. 42

On January 15, 2009, Fox Business submitted an order to show cause in connection with a contemplated motion for a preliminary injunction. *See* Mintz Decl. at ¶ 14.

Board Response to Fox Statement No. 42

*The Board does not dispute this statement but states that as far as the Board is aware, the order to show cause was never filed.*

Fox Statement No. 43

Pursuant to an agreement reached by the parties during the January 22, 2009 conference with the Court, Fox Business withdrew the motion with the understanding that one or both parties would bring the issues before the Court through summary judgment motions pursuant to Fed. R. Civ. P. 56. *See* Mintz Decl. at ¶ 14.

Board Response to Fox Statement No. 43

*The Board asserts that the proceedings before the Court during the January 22, 2009 conference are set forth in the Court's official transcript, and that the parties' agreement is set forth in the Stipulation and Order entered by the Court dated January 26, 2009.*

Fox Statement No. 44

The parties' memorialized the above agreement in a stipulation that was So- Ordered by the

Court on January 26, 2009 (the "Stipulation and Order"). The Stipulation and Order is annexed to the Mintz Decl. as Exhibit 11.

Board Response to Fox Statement No. 44

*The Board does not dispute this statement.*

Fox Statement No. 45

On February 19, 2009, the Board answered the complaint. (*See* Mintz Decl., at Exhibit 10).

Board Response to Fox Statement No. 45

*The Board does not dispute this statement.*

Fox Statement No. 46

The Board once again acknowledged in its Answer that responsive records exist but contended that such records "were withheld on the basis of exemptions contained in the FOIA." *See* Answer at ¶ 10.

Board Response to Fox Statement No. 46

*The Board asserts that the Answer is a legal document which speaks for itself.*

Fox Statement No. 47

Pursuant to the Stipulation and Order, on February 19, 2009 the Board filed two *Vaughn* indexes, one pertaining to the First FOIA Request (the "First Vaughn Index") and the second, pertaining to the Second FOIA Request (the "Second Vaughn Index"). In both indexes, the Board reiterated its exemption claims. The First *Vaughn* Index and the Second *Vaughn* Index are annexed to the Mintz Decl. at Exhibits 12 and 13 respectively.

Board Response to Fox Statement No. 47

*The Board does not dispute the first and third sentences of Fox Statement No. 47 above, and further avers that on March 27, 2009, the Board filed a Supplemental Vaughn Index which is attached as Exh. I to the Thro Decl. In response to the second sentence of Fox Statement No. 47, the Board asserts that all three Vaughn Indices are legal documents that speak for themselves.*

Fox Statement No. 48

In both *Vaughn* indexes, the Board admitted that is has "Origination Reports," "Term Reports," and "Emergency Credit Reports" containing facts about recent loan transactions totaling approximately 5912 pages responsive to the First FOIA Request and 2998 pages responsive to the Second FOIA Request. *See* Mintz Decl. at Exhibits 12 and 13 (the First and Second *Vaughn* Indexes).

Board Response to Fox Statement No. 48

*The Board disputes this statement, and asserts that the 2998 pages of Reports identified as responsive in the <u>Vaughn</u> Index to the Second FOIA request are included in the 5912 pages of Reports identified as responsive in the <u>Vaughn</u> Index to the First FOIA Request (which covered a longer time period), for an approximate total of 5912 pages of Reports withheld in all.  The <u>Vaughn</u> Indices also identify 94 pages of e-mails (containing responsive and non-responsive information) and 1-2 pages of responsive information in the Draft Collateral Monitoring Procedures.  The Supplemental <u>Vaughn</u> Index identifies approximately 88 pages (containing responsive and non-responsive information) in PDCF Collateral Reports and approximately 90 pages of e-mails (containing responsive and non-responsive information), for an approximate total of 6186 pages withheld in response to both FOIA Requests.*

Fox Statement No. 49

According to the Board, the Reports were "prepared using raw data provided to Board staff on a daily basis by the Federal Reserve Banks (which obtained and derived the information from records of transactions with the borrowing institutions").  *See* Mintz Decl. at Exhibits 12 and 13 (the First and Second *Vaughn* Indexes).

Board Response to Fox Statement No. 49

*The Board asserts that all three <u>Vaughn</u> indices are legal documents that speak for themselves.*

Fox Statement No. 50

In both *Vaughn* indexes, on repeated occasions with regard to each document category, the Board reiterated the exemption claims that it relied on in the Jan. 6 Letter and the Jan. 16 Letter, and in the Answer.  In addition, the Board stated:

[T]hese reports are being withheld in full under FOIA exemption 5 because they are inter-agency and intra agency memoranda which contain sensitive information, not otherwise available, immediate release of which would significantly harm the Government's monetary functions or commercial interests.

*See* Mintz Decl. at Exhibits 12 and 13 (the First and Second *Vaughn* Indexes).

Board Response to Fox Statement No. 50

*The Board asserts that all three <u>Vaughn</u> indices are legal documents that speak for themselves.*

Fox Statement No. 51

 Pursuant to the Stipulation and Order, on February 25, 2009 the parties conducted a face-to-face meeting to narrow and clarify the issues between them.  *See* Mintz Decl. at ¶ 17.

Board Response to Fox Statement No. 51

*The Board does not dispute this statement.*

Fox Statement No. 52

The face-to face meeting was attended by the attorneys for Fox Business (Steven Mintz, Lisabeth Harrison and Paul Ostensen) and Carlotta Cassidy, Senior Media Counsel of Fox News. Senior Counsel Yvonne Mizusawa attended for the Board. *See* Declaration of Carlotta Cassidy dated March 27, 2009 ("Cassidy Decl.") at ¶ 3.

Board Response to Fox Statement No. 52

*The Board does not dispute this statement.*

Fox Statement No. 53

During the February 25, 2009 meeting the Board made it clear that it has no intention of disclosing any information. *See* Mintz Decl. at ¶ 18.

Board Response to Fox Statement No. 53

*The Board disputes plaintiff's characterization of the meeting, and avers that Court-ordered discussions among counsel to the parties are not "material facts" for purposes of this action.*

Fox Statement No. 54

When asked, during the February 25, 2009 meeting about the Board's search efforts, Ms. Mizusawa stated that Allison Thro supervised the search for records in response to Fox Business's FOIA requests. *See* Cassidy Decl. at ¶ 4.

Board Response to Fox Statement No. 54

*The Board disputes plaintiff's characterization of the meeting, and avers that Court-ordered discussions among counsel to the parties are not "material facts" for purposes of this action.*

Fox Statement No. 55

When asked about Fox Business's request for records concerning collateral pledged by borrowers, and whether such records existed, Ms. Mizusawa stated that the Board had consulted with the FRBs regarding the collateral records and asked them to conduct a search. Ms. Mizusawa confirmed that the collateral records exist at the FRBs. *See* Cassidy Decl. at ¶ 5.

Board Response to Fox Statement No. 55

*The Board disputes plaintiff's characterization of the meeting, and avers that Court-ordered discussions among counsel to the parties are not "material facts" for purposes of this action.*

Fox Statement No. 56

During the February 25, 2009 meeting, Ms. Mizusawa also took the position that records of pledged collateral are not "records of the Board" subject to the Board's FOIA obligations to search and/or disclose because the records in question are generated and maintained by the FRBs. *See* Mintz Decl. at ¶ 19; Cassidy Decl. at ¶ 5.

Board Response to Fox Statement No. 56

*The Board disputes plaintiff's characterization of the meeting, and avers that Court-ordered discussions among counsel to the parties are not "material facts" for purposes of this action.*

Dated: April 30, 2009

/s/Yvonne F. Mizusawa
Katherine H. Wheatley (KW7931)
Associate General Counsel
Yvonne F. Mizusawa (YM5081)
Senior Counsel
Board of Governors of the Federal
  Reserve System
20th and C Streets, N.W.
Washington, D.C.  20551
Ph: (202) 452-3436
Fax: (202) 736-5615