UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FOX NEWS NETWORK, LLC, )
)
Plaintiff, )
)
v. ) Civ. No. 09-cv-00272 (AKH)
)
BOARD OF GOVERNORS OF )
THE FEDERAL RESERVE )
SYSTEM, )
Defendant. )

SECOND SUPPLEMENTAL DECLARATION OF ALISON M. THRO
IN RESPONSE TO COURT'S JULY 30, 2009 OPINION AND ORDER

I, Alison M. Thro, hereby affirm the following as my testimony in the above-captioned case:

1. I respectfully refer the Court to my Declaration, dated March 26, 2009. I submit this Second Supplemental Declaration in response to the Court's Opinion and Order Substantially Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment, dated July 30, 2009 ("July 30th Opinion").

2. Paragraph 27 of my March 26th declaration discusses weekly e-mails sent by the FRBNY to a very few members of the Board and Board staff beginning on or around November 6, 2008 containing information about aggregate activity under the Commercial Paper Funding Facility ("CPFF"). As discussed in ¶ 27 of my March 26th declaration, one of those e-mails, dated November 6, 2008, fell within the time period covered by the plaintiff's First and Second FOIA Requests. I reviewed

1

   the e-mail, which did not contain responsive information, but did not review the attachment as I concluded it was not an agency record subject to FOIA. As set forth at p. 19 of the July 30th Opinion, the Court found that the attachment is an agency record subject to FOIA and ordered that defendant Board of Governors conduct an additional search of the unopened attachment, turn over all responsive and non-exempt information, and submit an additional Vaughn index, if necessary. Pursuant to the July 30th Opinion, I have conducted the additional search as required by the Court, and discuss my findings below.

3. The attachment to the November 6, 2008 e-mail consists of two pages of responsive and non-responsive information. Responsive information consists of the names of the top ten issuers of commercial paper sold to the CPFF through November 5, 2008, and a bar graph depicting the total amount of commercial paper of each issuer sold to CPFF as of that date. I refer the Court to the declaration of Anne F. Baum, dated March 27, 2009, filed in this action. As discussed in ¶¶ 14-17 of the Baum Declaration, the names of specific issuers that sold commercial paper to the CPFF, and the amounts they sold, is highly sensitive and confidential commercial information. Pursuant to agreements with the asset manager and custodial agent, and an understanding among the parties, this information is not disclosed to the public. Baum Decl., ¶ 15. Public disclosure of this information is likely to cause substantial competitive harm to the issuers of commercial paper sold to the CPFF because market participants would draw adverse inferences about the creditworthiness and viability of the issuers, and disclosure also would impair the Board's ability to enhance liquidity in the commercial paper market, the purpose of CPFF. Baum Decl., ¶¶ 15-17. As set forth at pp. 24-28 of the July 30th Opinion, the Board's claims of confidentiality based on the likelihood of substantial competitive injury and program effectiveness are

meritorious. In addition, the responsive portion of the attachment is an inter-agency or intra-agency memorandum which contains sensitive information, not otherwise available, immediate release of which would harm the Board's monetary functions or commercial interests. Accordingly, consistent with the July 30th Opinion, and as set forth in defendant's Second Supplemental Index of Withheld Material, attached hereto as Exhibit A, defendant is withholding the responsive portion of the attachment, consisting of less than one page, under exemptions 4 and 5 of FOIA.

I declare under penalty of perjury that the foregoing is true and correct. Executed in the city of Washington, D.C. on this 26 day of August, 2009.

*Alison M. Thro*
Alison M. Thro

# Exhibit A

Case 1:09-cv-00272-AKH     Document 35     Filed 08/26/2009     Page 4 of 6

SECOND SUPPLEMENTAL INDEX OF WITHHELD MATERIAL

August 26, 2009

Fox News FOIA Request 2009-73, November 10, 2008 ("First FOIA Request") and

Fox News FOIA Request 2009-106, November 18, 2008 ("Second FOIA Request")

**Document Category 7**

| | |
|---|---|
| **Title:** | Attachment to e-mail dated November 6, 2008 entitled Weekly CPFF Summary. |
| **From:** | Prepared by the FRBNY and sent by e-mail to a very few Board and Board staff members. The Weekly CPFF Summary is internally classified as "Restricted Controlled FR" and is highly confidential. Material labeled "Restricted Controlled FR" has the highest level of protection of any material generated or distributed within the Federal Reserve System and must, for example, be sent in an encrypted form or maintained in a locked file. Distribution at the FRBNY and the Board is strictly limited on a need to know basis. |
| **Pages:** | Two pages of mainly non-responsive information. Responsive information (described below) totals less than one page. |
| **Date:** | November 6, 2008. |

| Description of attachment and Basis for Withholding | Exemption(s) |
|---|---|
| The weekly CPFF Summary attached to the November 6, 2008 e-mail contains a small amount of information responsive in part to the First and Second FOIA Requests, in particular, the names of the top ten issuers of commercial paper sold to the CPFF through November 5, 2008, and a bar graph depicting the total amount of commercial paper of each issuer sold to the CPFF as of that date. The remainder of information in the attachment (the majority of information) is non-responsive. The attachment does not contain responsive information regarding specific collateral pledged for any loan. The attachment was prepared by the FRBNY using information obtained and derived from transactions with issuers of commercial paper sold to CPFF, and was transmitted to a very few Board and Board staff members by e-mail, as described above. Information in the attachment is highly confidential, and is not released to the public. The attachment contains no reasonably segregable, responsive non-exempt information. The responsive portion of the attachment is being withheld in its entirety under FOIA | 4, 5 |

1

| | |
|---|---|
| exemption 4 because it contains trade secrets and commercial or financial information obtained from a person and privileged or confidential, public disclosure of which is likely to cause substantial competitive harm to issuers of commercial paper sold to CPFF, or to impair the Board's ability to fulfill statutory functions.  In addition, the responsive portion of the attachment is being withheld in full under FOIA exemption 5 because it is an inter-agency or intra-agency memorandum which contains sensitive information, not otherwise available, immediate release of which would significantly harm the Government's monetary functions or commercial interests. | |